OPINION
Defendant-Appellant, John P. Koch, appeals a judgment of the Auglaize County Court of Common Pleas sentencing him to serve maximum, concurrent terms of imprisonment on two counts of corruption of a minor in violation of R.C. 2907.04(A). For the reasons stated below, we affirm the decision of the trial court.
On July 4, 2000, John Koch ("Appellant"), age eighteen, became acquainted with Heather Hengstler, age thirteen. The following day, Appellant arrived at Heather's house and eventually they engaged in consensual sexual intercourse. A short time later, Heather and one of her female friends accompanied Appellant to his father's house. On this occasion, Appellant and Heather again had intercourse.
Thereafter, the sexual encounters were revealed to Heather's friends and family who in turn confronted Appellant. After this confrontation, Appellant stole a truck from an auto dealership and was eventually arrested and prosecuted in Miami County, Ohio for receiving a stolen motor vehicle, a felony of the fourth degree. Subsequently, Appellant was sentenced by the Miami County Court of Common Pleas to serve the balance of an eight month prison sentence, and during this incarceration, a fourth degree felony indictment was returned against him in the Auglaize County Court of Common Pleas for two counts of corruption of a minor resulting from the sexual encounters with Heather Hengstler.
Pursuant to a negotiated plea agreement, Appellant entered guilty pleas to both counts of the indictment. Upon sentencing, Appellant was found to be a sexually oriented offender and, based upon various findings, was sentenced to the maximum prison term for both counts to be served concurrently. From this judgment, Appellant filed this appeal asserting the following sole assignment of error.
 Assignment of Error I The trial court committed prejudicial error when it failed to properly follow the sentencing criteria set forth in Ohio Revised Code, sections 2929.13 and 2929.14 resulting in Defendant-Appellant receiving a maximum sentence on each count, which is contrary to law.
 When reviewing a sentencing determination, appellate courts are statutorily authorized to modify or vacate a sentencing order if by clear and convincing evidence the record does not support the trial court's findings or the sentence imposed is otherwise contrary to law.[1]
In his first assignment of error, Appellant claims that the trial court's decision to impose the maximum sentence on each count was not supported by the facts contained in the record and was contrary to law. Based upon the following analysis, we disagree.
Ohio felony sentencing law requires a trial court to make various findings before it may properly impose a sentence. A trial court must be in strict compliance with the relevant sentencing statutes by making all necessary findings on the record at the hearing on sentencing.[2]
Furthermore, when required, the court must state its particular reasons for doing so.[3]
When sentencing an offender on a fourth degree felony, a trial court may impose a prison term ranging from six to eighteen months.[4] In addition, sentencing guidelines for fourth degree felonies mandate that trial courts review the factors listed in R.C. 2929.13(B)(1) to determine whether any are applicable to the particular case. These factors are set forth, in relevant part, as follows:
 (a) In committing the offense, the offender caused physical harm to a person.
 (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 (d) The offender held a public office or position of trust and the offense related to that office or position * * *.
 (e) The offender committed the offense for hire or as part of an organized criminal activity.
 (f) The offense is a sex offense that is a fourth or fifth degree felony * * *.
 (g) The offender previously served a prison term.
 (h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 (i) The offender committed the offense while in possession of a firearm.[5]
 If the trial court finds that one or more of these factors exists and, after considering the factors set forth in R.C. 2929.12, "finds that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 * * * and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."[6]
Upon finding that prison is the most appropriate punishment, the trial court must then turn to R.C. 2929.14. This statute provides that if a court finds that the offender has served a prior prison sentence, as Appellant in this case, it may then properly impose the maximum term upon concluding, among other things, that the offender committed one of the worst forms of the crime or that the offender poses the greatest likelihood of committing future crimes.[7]
The court is then required, pursuant to R.C. 2929.19(B)(2)(e), to state its reasons for imposing the longest prison term available. In State v.Edmonson, the Ohio Supreme Court articulated the difference between making a finding on the record and giving reasons for imposing a certain sentence.[8] The court indicated that "finds on the record" merely means that the court must specify which statutorily sanctioned ground it has relied upon in deciding to impose a particular sentence.[9]
However, when a statute further requires the court to provide its reasons for imposing a sentence, as in the case of a maximum term, the court mustmake the applicable findings, and then provide a factual explanationsetting forth the basis for those findings.[10]
In this case, the record indicates that the trial court properly considered all relevant statutes and made the required findings necessary to impose the maximum sentence. Moreover, the sentencing hearing transcript reveals that the trial court's reason for imposing the maximum sentence was the fact that Appellant poses the greatest likelihood of re-offending based upon his extensive criminal record and continued threatening behavior while incarcerated for the instant crime. Therefore, despite Appellant's claims to the contrary, we find that the trial court did not err by sentencing Appellant to the maximum prison term. Consequently, Appellant's sole assignment of error is hereby overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
SHAW and BRYANT, JJ., concur.
[1] R.C. 2953.08(G)(2).
[2] State v. Bonanno (June 24, 1999), Allen App. Nos. 1-98-59, 1-98-60, unreported.
[3] Id.
[4] R.C. 2929.14(A)(4).
[5] R.C. 2929.13(B)(1).
[6] R.C. 2929.13(B)(2)(a).
[7] R.C. 2929.14(B),(C).
[8] State v. Edmonson (1999), 86 Ohio St.3d 324, 326-27.
[9] Id. at 326.
[10] Id.